Noah Green (State Bar No. 218643)
GREEN AND STEWART
301 E. Colorado Boulevard, Suite 708
Pasadena, CA 91101
(626) 395-7686
noah@gspattorneys.com

Attorneys for Defendants, Taras Investments LLC, et a.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Shonna Marie Counter,<br><br>              Plaintiff,<br><br>   vs.<br><br>Taras Investments LLC, a Delaware Limited Liability Company; Taras Himalayan Cuisine, Inc.; and Does 1 – 10,<br><br>              Defendants. | CASE NO.  2:21-cv-04368 MCS (MARx)<br><br>**NOTICE OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:  January 10, 2022<br>Time:  2:00 p.m.<br>Courtroom:  8A<br>Judge:  Hon. Virginia Phillips |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

YOU ARE HEREBY NOTIFIED that on January 10, 2022 at 2:00 pm in Courtroom 8A on the 8th Floor of the United States District Courthouse for the Central District of California ("First Street Courthouse") located at 350 W. 1st Street, Los Angeles, CA 90012, defendants, Taras Investments, LLC, and Taras Himilayan Cuisine, Inc., will move for summary judgment.

Defendants move for summary judgment on the following grounds:

1. Plaintiff's first cause of action for violation of the federal ADA regarding access to defendants' restaurant is moot given the undisputed fact that the conditions alleged in a previous, identical case brought against them by this plaintiff were cured after that first case was dismissed and this case was filed; and

2. Plaintiff's second cause of action under the state Unruh Act is time-barred by the applicable two-year statute of limitations.

Said motion will be based on the Memorandum of Points and Authorities submitted herewith, as well as the concurrently filed supporting declarations of Tara Black and Noah Green.

GREEN AND STEWART, P.C.

Dated: November 11, 2021        By: _____
                                    NOAH GREEN
                                    Attorney for defendants,
                                    Taras Investments, LLC, et al.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

This is an accessibility case pursuant to the Americans with Disabilities Act ("ADA") based on the same facts of an identical case brought by the same plaintiff against the same defendants that was previously dismissed for lack of prosecution. In the interim, the accessibility issues that were the basis of the case was cured, thereby rendering the federal cause of action for violation of the ADA moot. In addition, the two-year statute of limitations on the ancillary state cause of action for damages under California's Unruh Act has lapsed. As such, entire case should be dismissed via summary judgment.

## II.

## STATEMENT OF FACTS

Tara Black is the manager and owner of defendant, Taras Investments LLC, and also the president and owner of defendant, Taras Himalayan Cuisine 3, Inc. (erroneously suied as "Taras Himalayan Cuisine, Inc."). See Separate Statement of Undisputed Material Fact ("SSUMF") at Fact No. 1. The following facts are based on her personal first-hand knowledge.

///

///

3

Notice and Memorandum of Points and Authorities in Support of Motion for Summary Judgment
CASE NO. CASE NO. 2:21-cv-04368 MCS (MARx)

On December 19, 2018, plaintiff, Shonna Marie Counter, filed a civil action in this courthouse against Taras Investments, LLC, for violations of the ADA. See SSUMF No. 2. The allegations in the First Case arose from plaintiff's alleged visits to defendants' restaurant located at 10855 Venice Boulevard, Los Angeles, California in October, November, and December 2018. See SSUMF No. 3. Plaintiff alleged in the First Case that during those visits she attempted to park in the handicap parking space of our parking lot but she could not do so because it was blocked by a dumpster and storage shed. See SSUMF No. 4. Within 30 days of receiving the Summons and Complaint in the First Case, defendants had the storage shed and dumpster removed so that the handicap parking space was no longer blocked. See SSUMF No. 5.

The First Case was dismissed without prejudice on December 18, 2019 based on the mistaken representation by counsel to the court that the case had settled. See SSUMF No. 6. Defendants had agreed to the terms of a settlement and signed the settlement agreement prepared by plaintiff's counsel in the First Case. See SSUMF No. 7. However, plaintiff never signed the settlement agreement and terminated her original attorneys. Id.

///

///

///

4

Notice and Memorandum of Points and Authorities in Support of Motion for Summary Judgment
CASE NO. CASE NO. 2:21-cv-04368 MCS (MARx)

In May 2021, i.e., approximately 1.5 years after the First Case was

dismissed, plaintiff filed another Complaint in this courthouse which was assigned

case number 2:21-cv-04368 ("Second Case") alleging the same facts and legal

theories as those alleged in the First Case. See SSUMF No. 8. In particular, the

Complaint in this Second Case claims that plaintiff visited defendants' restaurant

in October-December 2018, and that she could not park in the handicap spot

because the shed and dumpster were blocking it. See SSUMF No. 9.

Plaintiff has filed 48 cases in this court regarding alleged ADA-access

violations as of November 4, 2021. See SSUMF No. 10.

On November 9, 2021, defendants' counsel emailed a letter to counsel for

plaintiff in an effort to meet and confer regarding this motion, but has received no

response. See SSUMF No. 11.

### III.

### LEGAL BASIS FOR SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue of

material fact and the moving party is entitled to judgment as a matter of law. See

FRCP 56(c); Ward v. Allstate Ins. Co., 964 F.Supp. 307, 310 (CD CA 1997).

As will be demonstrated in detail below, the material facts in this case are

not in dispute and defendants are entitled to judgment on the matter of law based

5

Notice and Memorandum of Points and Authorities in Support of Motion for Summary Judgment
CASE NO. CASE NO.  2:21-cv-04368 MCS (MARx)

on the mootness of the federal ADA claim and the expiration of the statute of limitations on the state Unruh claim.

### A. <u>The Federal ADA Cause of Action is Moot</u>

A case becomes moot and therefore no longer a "case" or "controversy" for purposes of Article III of the US Constitution "when the issues are no longer 'live' or the parties lack a legally cognizable interest in the outcome." <u>City of Erie v. Pap's A.M.</u> (2000) 529 U.S. 277, 287. In such instances, the question is whether there can be any effective relief. <u>West v. Secretary of Dept. of Transp.</u>, (9th Cir. 2000) 206 F.3d 920, 925.

Here the only remedy available to plaintiff under her federal ADA claim is injunctive relief. However, given that the conditions alleged in the operative Complaint were cured before the case was filed, plaintiff's only available form of relief under this cause of action has been rendered moot.

Stated differently, plaintiff also lacks standing because she cannot show as she must for her federal ADA/injunctive relief claim that there is a "threat of present or future harm" that must be enjoined. <u>Deutsch v. Travis Cty. Shoe Hosp., Inc.</u>, 721 F. App'x 336, 340 (5th Cir. 2018). That is because even where a plaintiff has previously suffered an injury-in-fact, there is no current case or controversy necessary to support an injunction if there are no "continuing, present adverse effects." <u>Scherr v. Marriott Int'l, Inc.</u>, 703 F.3d 1069, 1074 (7th Cir. 2013).

Nor can a high-frequency ADA litigant such as the plaintiff in this case bypass the standing requirement with a frivolous allegation that she "intends to return" to the business in question.   Gastelum v. Phoenix Cent. Hotel Venture, LLC, 2019 WL 498750 at 4 (D. Ariz. Feb. 8, 2019).  Nor can plaintiff plausibly claim that defendants' prior violations had any "deterrent effect" on her returning to their restaurant given the her long track record of actively seeking out businesses with ADA violations.

## B. The State Unruh Cause of Action is Untimely

Plaintiff's other cause of action is for damages under the state Unruh claim, and that statute's prohibition against denial of equal access to public accommodations per Civil Code §51.   That claim is barred by the applicable two-year statute of limitations.  See Gatto v. County of Sonoma (2002) 98 Cal.App.4th 744, 754-760.  In Gatto the California Court of Apppeal held that since California public accommodations claims emanated from common law, the ordinary three-year limitations period for statutory causes of action does not apply to Unruh claims under Civil Code §51, et seq.  As such, the personal injury statute of limitations under California Code of Civil Procedure ("C.C.P.") §340(3) applies to claims regarding public accommodations such as this one.[1]

---

[1] At the time of the Gatto case, C.C.P. §340(3) created a one-year statute of limitations.  That statute was amended a year later to a two-year statute of limitations.

7

Notice and Memorandum of Points and Authorities in Support of Motion for Summary Judgment
CASE NO. CASE NO.  2:21-cv-04368 MCS (MARx)

Case 2:21-cv-04368-VAP-MAR    Document 25    Filed 11/16/21    Page 8 of 8    Page ID
#:132

Here, plaintiff encountered the alleged violations in late 2018, but did not file the instant case until 2021. Her claim is therefore time-barred and should be dismissed.

## IV.

## CONCLUSION

For the reasons set forth herein, defendants respectfully request that the court grant the instant motion and enter judgment in favor of defendants.

GREEN AND STEWART, P.C.

Dated: November 11, 2021        By: _____

NOAH GREEN
Attorney for defendants,
Taras Investments, LLC, et al.

Notice and Memorandum of Points and Authorities in Support of Motion for Summary Judgment
CASE NO. CASE NO.  2:21-cv-04368 MCS (MARx)