Noah Green (State Bar No. 218643)
GREEN AND STEWART
301 E. Colorado Boulevard, Suite 708
Pasadena, CA 91101
(626) 395-7686
noah@gspattorneys.com

Attorneys for Defendants, Taras Investments LLC, et a.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Shonna Marie Counter,<br><br>       Plaintiff,<br><br>   vs.<br><br>Taras Investments LLC, a Delaware Limited Liability Company; Taras Himalayan Cuisine, Inc.; and Does 1 – 10,<br><br>       Defendants. | CASE NO.  2:21-cv-04368 MCS (MARx)<br><br>**DECLARATION OF TARA BLACK IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date:      January 10, 2022<br>Time:     2:00 p.m.<br>Courtroom: 8A<br>Judge:   Hon. Virginia Phillips |

1.     I am the manager and owner of defendant, Taras Investments LLC, and also the president and owner of defendant, Taras Himalayan Cuisince 3, Inc. (erroneously suied as "Taras Himalayan Cuisine, Inc.")

///

///

2.     On December 19, 2018, plaintiff, Shonna Marie Counter, filed a civil action in this courthouse against Taras Investments, LLC, for violations of the Americans with Disabilities Act.  A true and correct copy of the Complaint from that case, which was assigned case number 2:18-cv-10406 ("First Case"), is attached hereto as Exhibit 1.

3.     The allegations in the First Case arose from plaintiff's alleged visits to my restaurant located at 10855 Venice Boulevard, Los Angeles, California in October, November, and December 2018.  Id. at ¶¶2-3, 10.

4.  .   Plaintiff alleged in the First Case that during those visits she attempted to park in the handicap parking space of our parking lot but she could not do so because it was blocked by a dumpster and storage shed.  Id. at ¶¶12-15.

5.     Within 30 days of receiving the Summons and Complaint in the First Case, I had the storage shed and dumpster removed so that the handicap parking space was no longer blocked.  True and correct copies of photographs showing the handicap parking space after I removed the shed and dumpster, and how it still looks today, are attached hereto as Exhibit 2.

6.     The First Case was dismissed without prejudice on December 18, 2019 based on the mistaken representation by counsel to the court that the case had settled.  A true and correct copy of the court's Order of Dismissal is attached hereto as Exhibit 3.

7.      In fact, defendants had agreed to the terms of a settlement and signed

the settlement agreement prepared by plaintiff's counsel in the First Case.

However, plaintiff never signed the settlement agreement and terminated her

original attorneys.

8.      In May 2021, i.e., approximately 1.5 years after the First Case was

dismissed, plaintiff filed another Complaint in this courthouse and assigned case

number 2:21-cv-04368 ("Second Case") alleging the same facts and legal theories

as those alleged in the First Case.  A true and correct copy of the Complaint filed

in this case is attached hereto as Exhibit 4.

9.      In particular, the Complaint in this Second Case claims that plaintiff

visited my restaurant in October-December 2018, and that she could not park in the

handicap spot because the shed and dumpster were blocking it.  See Exhibit 4 at

¶¶3-5, 11, 14-15.

I hereby affirm that the facts stated herein are true and correct under penalty

of perjury.


Dated:  November 9, 2021                    _Tara Black_____
                                            TARA BLACK, declarant
                                            Los Angeles, CA

Declaration of Tara Black in Support of Motion for Summary Judgment
CASE NO. CASE NO.  2:21-cv-04368 MCS (MARx)

# Exhibit 1

Case 2:21-cv-04368-VAP-MAR    Document 25-1    Filed 11/16/21    Page 5 of 24    Page
ID #:137
Case 2:18-cv-10406    Document 1    Filed 12/17/18    Page 1 of 7    Page ID #:1

CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Raymond Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Shonna Counter,**<br><br>Plaintiff,<br><br>v.<br><br>**Taras Investments LLC,** a Delaware Limited Liability Company; and Does 1-10,<br><br>Defendants. | **Case No.**<br><br>**Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Shonna Counter complains of Taras Investments LLC, a Delaware Limited Liability Company; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. She suffers from spinal muscular atrophy. Because of her disability, plaintiff has dexterity issues with her hands. Plaintiff drives a van that has a handicap placard issued by the state of California. She uses both a walker and wheelchair for mobility.

1

Complaint

Case 2:21-cv-04368-VAP-MAR   Document 1   Filed 11/16/21   Page 6 of 24   Page
Case 2:18-cv-10406   Document 1   Filed 12/17/18   Page 2 of 7   Page ID #:2   Page
ID #:138

2.   Defendant Taras Investments LLC owned the real property located at or about 10855 Venice Blvd., Los Angeles, California, in October 2018.

3.   Defendant Taras Investments LLC owned the real property located at or about 10855 Venice Blvd., Los Angeles, California, in November 2018.

4.   Defendant Taras Investments LLC owned the real property located at or about 10855 Venice Blvd., Los Angeles, California, in December 2018.

5.   Defendant Taras Investments LLC owns the real property located at or about 10855 Venice Blvd., Los Angeles, California, currently.

6.   Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

7.   The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8.   Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

9.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is

2

Complaint

Case 2:21-cv-04368-VAP-MAR   Document 25-1   Filed 11/16/21   Page 7 of 24   Page
ID #:139
Case 2:18-cv-10406   Document 1   Filed 12/17/18   Page 3 of 7   Page ID #:3

founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

10. During the relevant statutory period, plaintiff has been a regular customer at the Restaurant. She visited the Restaurant at least five times during the statutory period, including most recently in October 2018 and December 2018. She also had two occasions when she would have visited the Restaurant but did not because of her knowledge of the barriers at the Restaurant. In fact, plaintiff was deterred from visiting in November 2018 and December 2018. This Restaurant is conveniently located. Indeed, the Restaurant is only about three miles from plaintiff's home.

11. The Restaurant is a facility open to the public, a place of public accommodation, and a business establishment.

12. Parking spaces are one of the facilities, privileges, and advantages offered by Defendants to patrons of Restaurant.

13. Unfortunately, even though there is a parking space marked and designed for persons with disabilities in the parking lot that serves the Restaurant, the defendants store a shed in the parking stall designed for persons with disabilities and they store a large dumpster in the access aisle that is designed for persons with disabilities.

14. The shed and dumpster, along with other miscellaneous items, have been stored in the parking space reserved for persons with disabilities during every one of plaintiff's visits. Clearly, the defendants use the parking space to permanently store the shed and dumpster.

15. The use of the parking space marked and reserved for persons with disabilities as a "storage" area is egregious.

16. Still, because of the location of this Restaurant, and because plaintiff

3

Case 2:21-cv-04368-VAP-MAR   Document 25-1   Filed 11/16/21   Page 8 of 24   Page
ID #:140
Case 2:18-cv-10406   Document 1   Filed 12/17/18   Page 4 of 7   Page ID #:4   Page

1    enjoys the food at the Restaurant, plaintiff is looking forward to defendants

2    removing the parking barriers so that she can return again.

3       17. Defendants have failed to maintain in operable working condition those

4    features of facilities and equipment that are required to be readily accessible to

5    and usable by persons with disabilities at the Subject Property.

6       18. Plaintiff personally encountered these barriers.

7       19. This inaccessible facility denied the plaintiff full and equal access and

8    caused her difficulty, discomfort, anger, and embarrassment.

9       20. Plaintiff will return to the Restaurant to avail herself of its goods or

10    services once the barriers are permanently removed. If the barriers are not

11    removed, the plaintiff will face unlawful and discriminatory barriers again.

12       21. The defendants have failed to maintain in working and useable

13    conditions those features required to provide ready access to persons with

14    disabilities.

15       22. The barriers identified above are easily removed without much

16    difficulty or expense. They are the types of barriers identified by the

17    Department of Justice as presumably readily achievable to remove and, in fact,

18    these barriers are readily achievable to remove.

19       23. Given the obvious and blatant nature of the barriers and violations

20    alleged herein, the plaintiff alleges, on information and belief, that there are

21    other violations and barriers on the site that relate to her disability. Plaintiff

22    will amend the complaint, to provide proper notice regarding the scope of this

23    lawsuit, once she conducts a site inspection. However, please be on notice that

24    the plaintiff seeks to have all barriers related to her disability remedied. See

25    *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff

26    encounters one barrier at a site, she can sue to have all barriers that relate to

27    her disability removed regardless of whether she personally encountered

28    them).

4

Complaint

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

24. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

25. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals

Complaint

with disabilities. 42 U.S.C. § 12183(a)(2).

26. Any business that provides parking spaces must provide accessible parking spaces. 2010 Standards § 208. Under the 2010 Standards, one in every six accessible parking spaces must be van accessible. 2010 Standards § 208.2.4.

27. Here, because the defendants use the parking space designed for persons with disabilities as a storage area, there is no useable and available parking space for plaintiff. The lack of an accessible parking space is a violation of the law.

28. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

29. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

30. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

31. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

Complaint

32. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

33. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER:**

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 per occasion.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: December 14, 2018       CENTER FOR DISABILITY ACCESS

By: _____

Chris Carson, Esq.
Attorney for plaintiff

7

Complaint

# Exhibit 2



TARAS 000005





TARAS 000010

# Exhibit 3

**JS-6**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SHONNA COUNTER | ) | Case No. 2:18-cv-10406 VAP (FFMx) |
| Plaintiffs, | ) | **ORDER OF DISMISSAL** |
| v. | ) | |
| TARAS INVESTMENTS LLC , | ) | |
| Defendants. | ) | |

The Court having been advised by counsel for the parties that the above-entitled action has settled,

**IT IS ORDERED** that this action be, and hereby is, dismissed in its entirety without prejudice.

THE COURT to retain jurisdiction for a period of **sixty (60) days** to enforce the terms of the settlement. All pending dates are vacated.

Dated: _December 18, 2019_

VIRGINIA A. PHILLIPS
Chief United States District Judge

s:\vap\crd's forms\3 ord dism settled.frm

# Exhibit 4

1  MICHAEL T. STOLLER, ESQ. (SBN 120241)
2  STOLLER LAW GROUP, PC
   5747 Hoback Glen Rd.
3  Hidden Hills, CA 91302
   Telephone (310) 245-4028
4  email: michael.stoller@stollerlawgroup.com
5
   Attorney for Plaintiff, Shonna Counter
6
7              UNITED STATES DISTRICT COURT
8
9            CENTRAL DISTRICT OF CALIFORNIA
10 SHONNA MARIE COUNTER,              CASE NO.
11            Plaintiff,              **COMPLAINT FOR DAMAGES AND**
12 vs.                                **INJUNCTIVE RELIEF FOR**
                                      **VIOLATIONS OF: AMERICAN'S**
13 TARAS INVESTMENTS, LLC., A         **WITH DISABILITIES ACT; UNRUH**
14 DELAWARE LIMITED LIABILITY         **CIVIL RIGHTS ACT**
   COMPANY; TARAS HIMALAYAN
15 CUISINE, INC.; AND DOES 1-10,
16            Defendants.
17
18     Plaintiff Shonna Counter complains of Taras Investments LLC., a Delaware
19 Limited Liability Company; and Does 1-10 ("Defendants"), and alleges as follows:
                            **PARTIES:**
20
21 1.     Plaintiff is a California resident with physical disabilities. She suffers from spinal
   muscular atrophy. Because of her disability, plaintiff has dexterity issues with her hands.
22
   Plaintiff drives a van that has a handicap placard issued by the state of California. She
23
   uses both a walker and wheelchair for mobility.
24
25 2.     Taras Himalayan Cuisine, Inc. is a California Corporation registered to do
   business in the State of California and, at all times referenced in this complaint,
26
   operating at 10855 Venice Blvd., Los Angeles, California.
27
28 3.     Defendant Taras Investments, LLC. owned the real property located at or about
   10855 Venice Blvd., Los Angeles, California, in October 2018.

                              1
                   COMPLAINT FOR DAMAGES

4.      Defendant Taras Investments, LLC. owned the real property located at or about 10855 Venice Blvd., Los Angeles, California, in November 2018.

5.      Defendant Taras Investments, LLC. owned the real property located at or about 10855 Venice Blvd., Los Angeles, California, in December 2018.

6.      Defendant Taras Investments LLC owns the real property located at or about 10855 Venice Blvd., Los Angeles, California, currently.

7.      Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

### JURISDICTION & VENUE:

8.      The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

9.      Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

10.     Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

### FACTUAL ALLEGATIONS:

11.     During the relevant statutory period, plaintiff has been a regular customer at the Restaurant. She visited the Restaurant at least five times during the statutory period, including most recently in October 2018 and December 2018. She also had two

occasions when she would have visited the Restaurant but did not because of her knowledge of the barriers at the Restaurant. In fact, plaintiff was deterred from visiting in November 2018 and December 2018. This Restaurant is conveniently located. Indeed, the Restaurant is only about three miles from plaintiff's home.

12.     The Restaurant is a facility open to the public, a place of public accommodation, and a business establishment.

13.     Parking spaces are one of the facilities, privileges, and advantages offered by Defendants to patrons of Restaurant.

14.     Unfortunately, even though there is a parking space marked and designed for persons with disabilities in the parking lot that serves the Restaurant, the defendants store a shed in the parking stall designed for persons with disabilities and they store a large dumpster in the access aisle that is designed for persons with disabilities.

15.     The shed and dumpster, along with other miscellaneous items, have been stored in the parking space reserved for persons with disabilities during every one of plaintiff's visits. Clearly, the defendants use the parking space to permanently store the shed and dumpster.

16.     The use of the parking space marked and reserved for persons with disabilities as a "storage" area is egregious.

17.     Still, because of the location of this Restaurant, and because plaintiff enjoys the food at the Restaurant, plaintiff is looking forward to defendants removing the parking barriers so that she can return again.

18.     Defendants have failed to maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities at the Subject Property.

19.     Plaintiff personally encountered these barriers.

20.     This inaccessible facility denied the plaintiff full and equal access and caused her difficulty, discomfort, anger, and embarrassment.

21.     Plaintiff will return to the Restaurant to avail herself of its goods or services once the barriers are permanently removed. If the barriers are not removed, the plaintiff will

3
COMPLAINT FOR DAMAGES

1  face unlawful and discriminatory barriers again.

2  22.    The defendants have failed to maintain in working and useable conditions those
3  features required to provide ready access to persons with disabilities.

4  23.    The barriers identified above are easily removed without much difficulty or
5  expense. They are the types of barriers identified by the Department of Justice as
6  presumably readily achievable to remove and, in fact, these barriers are readily
7  achievable to remove.

8  24.    Given the obvious and blatant nature of the barriers and violations alleged herein,
9  the plaintiff alleges, on information and belief, that there are other violations and barriers
10  on the site that relate to her disability. Plaintiff will amend the complaint, to provide
11  proper notice regarding the scope of this lawsuit, once she conducts a site inspection.
12  However, please be on notice that the plaintiff seeks to have all barriers related to her
13  disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once
14  a plaintiff encounters one barrier at a site, she can sue to have all barriers that relate to
   her disability removed regardless of whether she personally encountered them).

15  **I.**

16  **FIRST CAUSE OF ACTION**

17  **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

18  (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

19  25.    Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein,
20  the allegations contained in all prior paragraphs of this complaint.

21  26.    Under the ADA, it is an act of discrimination to fail to ensure that the privileges,
22  advantages, accommodations, facilities, goods and services of any place of public
23  accommodation is offered on a full and equal basis by anyone who owns, leases, or
24  operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is
25  defined, inter alia, as follows:

26      a.    A failure to make reasonable modifications in policies, practices, or
27  procedures, when such modifications are necessary to afford goods,
   services, facilities, privileges, advantages, or accommodations to

28

4
COMPLAINT FOR DAMAGES

individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

b.     A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

c.     A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

27.    Any business that provides parking spaces must provide accessible parking spaces. 2010 Standards § 208. Under the 2010 Standards, one in every six accessible parking spaces must be van accessible. 2010 Standards § 208.2.4.

28.    Here, because the defendants use the parking space designed for persons with disabilities as a storage area, there is no useable and available parking space for plaintiff. The lack of an accessible parking space is a violation of the law.

29.    A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

30.    Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

## II.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

(On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

31.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

32. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

33. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

34. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER:**

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 per occasion.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

STOLLER LAW GROUP, PC

Dated: May 25, 2021

Michael T. Stoller
Attorney for Plaintiff,
SHONNA COUNTER