**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Shonna Marie Counter, | Case No. 2:21-cv-04368-VAP-MARx |
| Plaintiff, | |
| v. | **Order GRANTING Defendants' Motion for Summary Judgment (Dkt. 25)** |
| Taras Investments, LLC, et al | |
| Defendants. | |

Before the Court is Defendants Taras Investments, LLC and Taras Himalayan Cuisine, Inc.'s ("Defendants") Motion for Summary Judgment ("Motion", Dkt. 25).  After considering all the papers filed in support of, and in opposition to, the Motion, the Court deems this matter appropriate for resolution without a hearing pursuant to Local Rule 7-15.  The Court **GRANTS** the Motion.

## I.    BACKGROUND

Plaintiff Shonna Marie Counter ("Plaintiff") first filed suit against Defendants on December 19, 2018 for violations of the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act ("Unruh Act"). (Motion, at 4).  (*Id.*). That case was dismissed without prejudice on December 18, 2019.  (*Id.*).

1

On May 25, 2021, Plaintiff filed another Complaint against Defendants alleging the same claims for violations of the ADA and the Unruh Act. (Dkt. 1). Defendants filed the instant Motion for Summary Judgment on November 16, 2021, (Dkt. 25), along with the Declaration of Tara Black (Dkt. 25-1), the Declaration of Noah Green (Dkt. 25-2), and a Statement of Uncontroverted Facts ("SUF," Dkt. 25-3). Plaintiff failed to file an Opposition. On December 27, 2021, Plaintiff filed an Ex Parte Application seeking a continuance of this hearing, (Dkt. 26), which the Court denied, (Dkt. 32). The Motion stands unopposed.

### A. Undisputed Facts

The following material facts are supported adequately by admissible evidence and are uncontroverted. They are "admitted to exist without controversy" for the purposes of Defendants' Motion. *See* Local Rule 56-3.

Tara Black is the manager and owner of Defendant Taras Investments, LLC, and the president and owner of Defendant Taras Himalayan Cuisine, Inc. (SUF, no. 1). Plaintiff originally filed suit against Defendants in 2018. *See Shonna Counter v. Taras Investments LLC et al*, No. 2:18-cv-10406-VAP (FFMx). She alleged that she visited Defendants' restaurant located at 10855 Venice Boulevard, Los Angeles, California multiple times in the fall of 2018, and that on each visit, she attempted to park in the handicap parking space of Defendants' parking lot but was unable to do so because the space was blocked by a dumpster and storage shed. (*Id.* at no. 4). Within 30 days of receiving the Complaint, Defendants removed the storage shed and dumpster from the handicap parking space.

(*Id.* at no. 5).  The handicap parking space remains free of obstructing objects today.  (*Id.*).

The 2018 case was dismissed without prejudice on December 18, 2019, based on an expected settlement agreement that was ultimately never executed.  (*Id.* at no. 6).  Defendants had agreed to the terms of the settlement, but Plaintiff never signed the agreement and terminated the services of her original attorneys.  (*Id.* at no. 7).

In May 2021, Plaintiff filed the Complaint in the instant case, alleging the same claims as before – that she visited Defendants' restaurant in fall 2018 and could not park in the handicap parking spot because it was blocked by a storage shed and dumpster.  (*Id.* at no. 9).

## II.    LEGAL STANDARD

A motion for summary judgment or partial summary judgment shall be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

Generally, the burden is on the moving party to demonstrate that it is entitled to summary judgment.  *Margolis v. Ryan*, 140 F.3d 850, 852 (9th Cir. 1998).  "The moving party may produce evidence negating an essential element of the nonmoving party's case, or . . . show that the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial."  *Nissan Fire &*

United States District Court
Central District of California

United States District Court
Central District of California

*Marine Ins. Co. v. Fritz Companies, Inc*., 210 F.3d 1099, 1106 (9th Cir. 2000)

(*reconciling Adickes v. S.H. Kress & Co*., 398 U.S. 144 (1970) and *Celotex*

*Corp. v. Catrett*, 477 U.S. 317 (1986)).  The nonmoving party must then "do

more than simply show that there is some metaphysical doubt as to the

material facts" but must show specific facts which raise a genuine issue for

trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586

(1986).  A genuine issue of material fact will exist "if the evidence is such

that a reasonable jury could return a verdict for the non-moving party."

*Anderson*, 477 U.S. at 248.

In ruling on a motion for summary judgment, a court construes the

evidence in the light most favorable to the non-moving party.  *Barlow v.*

*Ground*, 943 F.2d 1132, 1135 (9th Cir. 1991).  "[T]he judge's function is not []

to weigh the evidence and determine the truth of the matter but to determine

whether there is a genuine issue for trial."  *Anderson*, 477 U.S. at 249.

## III.    DISCUSSION

### A.   ADA Claim

Defendants contend the ADA claim is moot because they already

removed the dumpster and storage shed from the parking spot in 2018.

(Motion, at 6).  Since the only remedy available to Plaintiff for the ADA claim

is injunctive relief, Defendants argue that there are no longer "live" issues

for the Court to consider.  (*Id.*).  Relatedly, Defendants point out that Plaintiff

lacks standing because she cannot show that there is a "threat of present or

future harm."  (*Id.*).

First, Defendants are correct that Plaintiff is limited to injunctive relief for her ADA claim.  "Under the ADA, 'damages are not recoverable ... only injunctive relief is available.'"  *Wander v. Kaus,* 304 F.3d 856, 858 (9th Cir. 2002) (citing 42 U.S.C. § 12188(a)(1)).

On the question of mootness, the Supreme Court has explained that "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1969).  In the context of injunctive relief, courts consider the so-called "repetition/evasion exception," which "involves a determination of the possibility of repetition of the challenged law or conduct."  *Williams v. Alioto*, 549 F.2d 136, 142 (9th Cir. 1977).  As relevant here, "[w]hen events have permanently destroyed any possibility of repetition, the case is moot."  *Id.*  Moreover, "when the chance of repetition is remote and speculative, there is no jurisdiction."  *Id.*

Here, Defendants have met their burden of showing they are entitled to summary judgment on the ADA claim.  First, they have demonstrated that the ADA violations in this case have already been cured.  Tara Black's Declaration states that she removed the storage shed and dumpster from the parking space in 2018, after the first Complaint was filed. (Dkt. 25-1, at 2).  Ms. Black has also submitted photographs showing that the handicap parking space remains free of obstruction today.  (Dkt. 25-1, Ex. 2).  Plaintiff has failed to present any evidence to the contrary.  Therefore, there is no genuine dispute of fact as to the present state of the parking space.

United States District Court
Central District of California

5

United States District Court
Central District of California

Moreover, the ADA claim is moot according to the repetition/evasion doctrine.  The Court concludes that the chance of Defendants placing the storage shed and dumpster back into the parking space is "remote and speculative." *Williams*, 549 F.2d at 142.  Plaintiff has presented no evidence to suggest that Defendants will block the handicap parking space again. Altogether, there is no "cognizable danger of recurrent violation" to keep the ADA claim alive. *Williams*, 549 F.2d at 142 (citing *United States v. W. T. Grant Co.,* 345 U.S. 629, 633, 73 S.Ct. 894, 898, 97 L.Ed. 1303 (1953)). The Court accordingly **GRANTS** summary judgment to Defendants on the ADA claim.

### B.   Unruh Act Claim

Plaintiff also brings an Unruh Act claim for the same allegations.  The Court issued an Order to Show Cause for Supplemental Jurisdiction over the Unruh Act claim on July 13, 2021, (Dkt. 20), but had not ruled on whether it would maintain jurisdiction prior to this Order.  In the interest of judicial efficiency, the Court will retain jurisdiction over the Unruh Act claim.

Defendants argue they are entitled to summary judgment on the Unruh Act claim because it is untimely, as the allegations fall outside of the applicable two-year statute of limitations.  (*Id.*).

Defendants are correct that Unruh Act claims are subject to a two-year statute of limitations.  *See Clifton Walker, v. Sofijon Inc., et al*, No. CV-21-07234-RSWL- (JEMx), 2021 WL 5968777, at *3 n.3 (C.D. Cal. Oct. 12, 2021) (citing *Harris v. County of San Diego*, No. CV 18-924-BTM (AHGx),

6

2019 WL 6683367, at *4 (S.D. Cal. Dec. 5, 2019).  Plaintiff's Unruh Act claim is based on allegations from October, November, and December 2018. (Dkt. 1, at 2-3).  This Complaint was filed more than two years after the alleged violations occurred, on May 25, 2021.  (*Id*.).  Therefore, Plaintiff's Unruh Act claim is barred by the statute of limitations.

The Court **GRANTS** summary judgment to Defendants on the Unruh Act claim.

## IV.    CONCLUSION

The Court therefore **GRANTS** Defendants' Motion for Summary Judgment on all claims.

Dated:    1/20/22

Virginia A. Phillips
United States District Judge

United States District Court
Central District of California

7